**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

KATONIA LEE,

**PLAINTIFF**

v.                                    **CIVIL ACTION NO. 5:22-cv-05075-TLB**

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,                                                  **DEFENDANT**

## ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Katonia Lee ("Plaintiff"), and Lincoln files a counterclaim through its undersigned counsel and states as follows:

### I.  PARTIES

1.      Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.

2.      Lincoln admits it is an Indiana Corporation and that it is lawfully authorized to do business in Arkansas.  Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

### II.  JURISDICTION AND VENUE

3.      Lincoln admits that Plaintiff's claims are governed by Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and under the jurisdiction of this Court pursuant to 28 U.S.C. § 1331.  Lincoln specifically denies that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln.  Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4.      Lincoln admits that venue of this action is proper in this Court.  To the extent that Paragraph 4 contains legal conclusions, Lincoln is not required to answer.  Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

### III.  FACTS AND ALLEGATIONS

5.      Lincoln admits that Walmart, Inc. ("Walmart") sponsored the Wal-Mart, Inc. Associates' Health and Welfare Benefit Plan (the "Plan") to provide long term disability benefits to participating, eligible employees of Walmart and that the Plan is an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Lincoln admits that Plaintiff was, at certain times, employed as an Assistant Manager with Walmart, and was, at certain times, a participant in the Plan.  Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6.      To the extent that Paragraph 6 contains legal conclusions, Lincoln is not required to answer.  Lincoln admits that benefits from the Plan were, at certain times, insured, at least in part, by Group Disability Income Policy Number GD/GF3-850-290765-01 (the "Policy") issued by Lincoln to Walmart.  Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7.      Lincoln admits that benefits from the Plan were, at certain times, insured, at least in part, by the Policy issued by Lincoln to Walmart and that Plaintiff was, at certain times, a participant in the Plan sponsored by Walmart.  Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8.      Lincoln admits that Walmart sponsored the Plan to provide long term disability benefits to participating, eligible employees of Walmart and that the Policy issued by Lincoln to Walmart, at certain times, insured benefits from the Plan.  Lincoln admits Plaintiff was, at certain times, employed by Walmart and a participant in the Plan.  To the extent that the allegations

contained in Paragraph 8 seek to interpret the provisions of the Policy or documents governing the Plan, Lincoln refers to the Policy and the documents governing the Plan as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9.      Lincoln admits Plaintiff's last day at work at Walmart was November 7, 2018. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Plan, and Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10.     Lincoln admits Plaintiff submitted a claim for, and at certain times received, benefits from the Plan. To the extent that the allegations contained in Paragraph 10 seek to interpret the provisions of the Policy or documents governing the Plan, Lincoln refers to the Policy and the documents governing the Plan as the best evidence of their contents. Lincoln admits it sent a letter to Plaintiff's counsel dated December 10, 2021, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11.     Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that

Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process.  Lincoln denies all remaining allegations contains in Paragraph 11 of the Complaint.

12.     Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the Plan, along with attorney's fees, but Lincoln denies Plaintiff is entitled to any such relief or recovery.  Lincoln denies all remaining allegations contains in Paragraph 12 of the Complaint.

13.     Lincoln denies all allegations contained in Paragraph 13 of the Complaint.

14.     Lincoln denies all allegations contained in Paragraph 14 of the Complaint.

15.     Lincoln denies all allegations contained in Paragraph 15 of the Complaint.

16.     Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and Paragraphs 1-4 thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.     The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for long term disability benefits from the Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3.     Plaintiff's recovery of benefits, if any, from Lincoln is subject to offset pursuant to the terms of the Plan under the Policy, resulting from Plaintiff's receipt of benefits or other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's or Plaintiff's dependent(s)'s behalf.

4.      Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5.      Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6.      Lincoln reserves the right to assert additional defenses.

## COUNTERCLAIM

1.      In response to the allegations contained in the Complaint, Lincoln asserts a breach of contract counterclaim resulting from Plaintiff's failure to reimburse Lincoln in accordance with the terms of the document governing the Plan.  Lincoln also seeks a constructive trust and other equitable relief under 29 U.S.C. § 1132(a) over any benefits from either Lincoln or the Social Security Administration currently in the possession of Plaintiff.  Additionally, Lincoln seeks recovery from Plaintiff based on unjust enrichment of the Plaintiff by virtue of Plaintiff's retention of benefits from the Social Security Administration that Plaintiff is obligated to repay to Lincoln. Plaintiff was awarded retroactive disability benefits from the Social Security Administration. Under the terms of the document governing the Plan, Plaintiff is obligated and specifically agreed to reimburse Lincoln for the retroactive amounts Plaintiff received from the Social Security Administration.  Plaintiff has failed and refused to make reimbursement to Lincoln in breach of the terms of the Plan.  Lincoln is entitled to recover from Plaintiff as a result of Plaintiff's breach, plus attorneys' fees pursuant to 29 U.S.C. § 1132(a)(1)(B).

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action; enter judgment in Lincoln's favor on its counterclaim; order a constructive trust and/or other equitable relief to secure Lincoln's reimbursement of benefits Plaintiff received from Lincoln or

the Social Security Administration; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 24th day of June 2022.

Respectfully submitted,

By:    /s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Arkansas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

J. Price McNamara
Email:  price@jpricemcnamara.com

    June 24, 2022                          /s/ Iwana Rademaekers
Date                                     Iwana Rademaekers