**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**KATONIA LEE**                                                                          **PLAINTIFF**

**V.**                                          **CASE NO. 5:22-CV-05075**

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY**               **DEFENDANT**

## SCHEDULING ORDER

It appears that the claims asserted and remedies sought by Plaintiff arise under and are governed by 29 U.S.C. § 1001 *et seq.*, the Employee Retirement Income Security Act of 1974 (ERISA). When an ERISA benefits plan clearly requires exhaustion, a plaintiff's failure to exhaust administrative remedies bars the plaintiff from seeking relief in federal court. See *Norris v. Citibank,* 308 F.3d 880, 884 (8th Cir. 2002). Therefore, if there is any issue as to whether Plaintiff has properly exhausted her administrative remedies, the parties should so inform the Court within seven (7) days of the date of this order by filing an appropriate motion to dismiss or stay this matter.

Defendant has also filed a counterclaim in this matter. *See* Doc. 8. The counterclaim asserts that Plaintiff breached her contract with Defendant by failing to reimburse Defendant for benefits she received from the Social Security Administration. This counterclaim will be addressed, if necessary, after the Court adjudicates Plaintiff's affirmative claims for ERISA benefits. The Court therefore **BIFURCATES** the counterclaim from the ERISA claims. The instant Scheduling Order addresses only the ERISA claims. A second scheduling order addressing the counterclaim will issue once the ERISA claims are resolved.

Assuming there is no issue as to Plaintiff's exhaustion of administrative remedies, the resolution of her ERISA claims will proceed on the following schedule:

1.    The stipulated record, which is to include an index of the documents contained therein, shall be filed within 120 days from today's date.  The stipulated record should be filed electronically with an additional paper copy provided to the Court.

2.    Plaintiff's brief must be filed within 30 days thereafter.

3.    Defendant's brief must be filed within 30 days thereafter.

References in the parties' briefs to facts or materials contained in the record must cite to the applicable pages of the record.

No reply brief will be allowed unless leave of the Court has been granted.  The Court will conduct its review upon receipt of the material outlined above.

DATED:  July 6th, 2022

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE