| | |
|---|---|
| From: | LFGNotifications@LFG.com |
| Sent: | Friday, December 10, 2021 10:07:56 AM |
| To: | SUPPORT@JPRICEMCNAMARA.COM; |
| CC: | |
| BCC: | |
| Subject: | [Send Secure]Walmart, Inc. Claim No. 8892419 Katonia Lee |
| Attachments: | lon8ohlkmazmkcncznbm_11774810.pdf; |

This notification contains important information regarding a claim with Lincoln Financial Group company. THIS IS AN AUTOMATED EMAIL. PLEASE DO NOT RESPOND. You may use the contact information in the attached letter to respond if needed.

EXHIBIT

B

**Lincoln/Lee 0128**



The Lincoln National Life Insurance Company
Disability and Life Claims Appeal
PO Box 2578
Omaha, NE 68172-9688
Phone No.: (888) 437-7611
Secure Fax No.: (603) 430-1926

December 10, 2021

J. Price McNamara
Law Offices of J. Price McNamara
10455 JEFFERSON HIGHWAY, STE 2
BATON ROUGE, LA 70809

RE:    Long Term Disability (LTD) Benefits
       Walmart, Inc.
       Claim #: 8892419
       Claimant: Katonia Lee

Dear J. Price McNamara:

We reviewed your appeal request on behalf of Katonia Lee for Long Term Disability ("LTD")
benefits and maintain the decision to deny benefits beyond May 8, 2021.

**Initial Claim Decision**

Ms. Lee submitted a claim for her absence from work as of November 8, 2018, as a result of Diffuse
Large B Cell Lymphoma.  Ms. Lee's LTD benefits began on May 9, 2019.  A change in definition
of disability occurred on May 8, 2021.  To receive benefits beyond 24 months Ms. Lee must be
disabled from any occupation as defined in the Policy.  Benefits beyond May 8, 2021 were denied as
the evaluation concluded Ms. Lee was no longer disabled as defined by the Policy.

The basis for the decision was outlined in a letter dated May 10, 2021. Ms. Lee was provided an
opportunity to request an appeal review of the denial, stating the reasons why she felt her claim
should not have been denied, and submit additional information to support her claim. Specifically,
Ms. Lee was advised to submit the following information:

- *The reasons you feel the decision to deny LTD coverage is incorrect;*
- *Medical documentation from April 6, 2021 that supports your inability to perform the
  duties of **any occupation** on a full time basis. This information should include office
  treatment notes, test results, imaging, or any medical consultations; as well as any
  additional comments, documents, records, or other information, including any Social
  Security decision you may have received that you feel will support your claim.*

**Appeal**

In your letter of appeal dated September 7, 2021, you indicated you were appealing the termination
or denial of long term disability benefits on behalf of your client, Ms. Lee.  Your letter, you set forth

**Lincoln/Lee 0129**

your argument as to why Ms. Lee is entitled to ongoing benefits.

In support of Ms. Lee's claim, you submitted the following information:

- Affidavits of Katonia Lee;
- Affidavit of Mikeal Livas;
- Affidavit of Riley Lee;
- Affidavit of Brandon Harton;
- Medical records from Ochsner Health System dated April 3, 2021 to July 9, 2021.

**Appeal Evaluation**

Ms. Lee's claim was originally reviewed by Dr. Paul E. Stander, a physician Board Certified in Internal Medicine. Please see the letter dated May 10, 2021 from Lincoln Financial Group for the findings of Dr. Stander's review. Benefits beyond May 8, 2021 were denied as the evaluation concluded Ms. Lee no longer met the definition of disability under Walmart, Inc.'s Policy.

During the review of Ms. Lee's appeal, her claim was initially reviewed by our Clinical Services Department. The review indicated Ms. Lee's clinical history includes the presence of chronic HIV disease and treatment for lymphoma in late 2018 with successful treatment completed in September 2019. In addition, the review noted Ms. Lee's pre-existing back pain and obesity.

The review advised Ms. Lee was referred by her oncologist Dr. Kovtun for psychiatric evaluation and was seen by Dr. Larzelere on April 21, 2021. The review noted Ms. Lee's main issues are the ability to adapt to disease and treatment, navigate bereavement, and insomnia. The diagnosis is listed as adjustment disorder with mixed anxiety and depression. On May 19, 2021, Ms. Lee saw Dr. Larzelere again and her presentation was noted to be consistent with her prior visit. The note indicated Ms. Lee reported she had a significant increase in anxiety and depression since her last visit and worried her pain would never be under control and she would never return to normal functioning.

On June 25, 2021, Ms. Lee saw Dr. Larzelere again and the review noted she reports less tearful periods using Effexor, she is sleeping 5 to 6 hours per night with Ambien, she is worried about her physical condition and returning to normal. The review indicates the note reports social isolation and depressive symptoms and Ms. Lee reported fatigue, memory and concentration issues and being fearful and nervous. The review advised the plan was for Ms. Lee to see psychiatry for medication evaluation to target depression, anxiety and grief.

The review concluded:

> *In summary, the record does not contain an in-depth clinical evaluation of the employee's cognitive status. While it is recommended that driving should be limited after the use of Ambien, there is no clear indication the employee is unable and incapable of driving. In total, the record does not describe a severity of symptoms that would support the presence of global functional impairment from a behavioral health diagnosis that requires any sustained restrictions and limitations as of 5/9/21.*

**Lincoln/Lee 0130**

In addition, Ms. Lee's claim was reviewed by Dr. William Barretto, an independent physician Board Certified in Physical Medicine and Rehabilitation. Dr. Barretto advised the diagnoses supported by the medical evidence are hypertension, B-cell lymphoma, anemia, adjustment disorder with mixed anxiety and depressed mood, psychophysiological insomnia, sacroiliitis, obesity, and chronic low back pain.

Dr. Barretto stated:

> Provided documentation indicates chronic low back pain. The affidavit claims that the claimant has ongoing pain that causes sleepless nights, every night, and dramatic fatigue during the day, with or without the above referenced medications. The claimant needs several naps every day, or she does is off and falls asleep many times per day. The claimant notes she cannot sit, stand, or walk for more than 10 minutes before beginning to experience back pain. The claimant opined she is unable to kneel or climb and has trouble lifting her head and holding and up while walking because of back and neck pain. The claimant endorses headaches and difficulty gripping items with her hands. However, multiple progress and reports are provided for review with no abnormal objective exam findings. No abnormal imaging has been provided. There is no documentation of an FCE having been completed noting that the claimant has specific limitations as a result of chronic pain.

Dr. Barretto concluded impairment is not supported. Dr. Barretto advised the medical documentation does not support any medical condition alone or in combination precluding the claimant from sustained occupational functioning on a full-time basis. Dr. Barretto indicated there is no supported impairment from medications.

Dr. Barretto attempted to discuss Ms. Lee's ongoing treating status with Dr. Hicks on September 27, 2021, leaving a message with Hollie. No return call was received. Dr. Barretto also sent correspondence to Dr. Hicks on September 27, 2021 asking for the following information:

> Summary:
> The claimant is a 51-year-old female (12/06/1969) who ceased work on 11/08/2018 reportedly, due to diffuse large B-cell lymphoma, unspecified site.
> AP questions:
> What are the restrictions and limitations?
> What objective evidence supports those restrictions and limitations?
> Does the patient have imaging to support restrictions and limitations?
> What is the expected prognosis for any impairing conditions?

Dr. Barretto did not receive a response from Dr. Hicks.

Ms. Lee's file was also reviewed by Dr. Stephen Broomes, an independent physician Board Certified in Internal Medicine. Dr. Broomes advised Ms. Lee has a history of hypertension, anxiety, depression, biliary stricture, diffuse large B cell lymphoma of duodenum and pancreas, HIV, insomnia, jaundice, and stomach ulcer.

Dr. Broomes advised:

**Lincoln/Lee 0131**

> *The claimant presented to Dr. Kovtun (Internal Medicine) on 06/30/2021 for follow-up of diffuse large B-cell lymphoma of lymph nodes of the neck. She was in stable clinical condition and denied any fever, chills, night sweats, or unintentional weight loss. Her blood pressure was 133/87 mmHg and the physical exam was normal. A prior CT scan of the chest, abdomen, and pelvis on 06/14/2021 was negative for evidence of recurrent or metastatic disease. Her lab test revealed an elevated alkaline phosphatase. On 07/02/2021, the claimant went to Dr. Harris (Family Medicine) for leg and hand cramping. She denied any numbness or tingling, and her physical exam was unremarkable. The clinical impressions were essential hypertension, muscle cramps, recurrent major depression, lymphoma related to AIDS, and obesity.*

Dr. Broomes concluded the medical documentation does not support any medical condition alone or in combination precluding the claimant from sustained occupational functioning on a full-time basis.

Dr. Broomes attempted to discuss Ms. Lee's current treating status with Drs. Harris and Nnadi on September 22, 2021 and September 24, 2021, leaving messages requesting a return call.  In addition, Dr. Broomes sent the following correspondence on September 27, 2021 to Drs. Harris and Nnadi:

> *Summary:*
> *The claimant is a 51-year-old female with a history of hypertension, anxiety, depression, biliary stricture, diffuse large B cell lymphoma of duodenum and pancreas, HIV, insomnia, jaundice, and stomach ulcer.*
> *AP Questions:*
> *Are there any more recent diagnostic studies done?*

Dr. Broomes did not receive a response from Drs. Harris or Nnadi.

On October 5, 2021, we mailed you a letter which included copies of the clinical reviews performed in connection with Ms. Lee's request for reconsideration. You were given an opportunity to review and respond with any additional information you would like considered before a final determination was made on your appeal. We asked you provide your response by October 25, 2021.

On October 26, 2021, we received your letter dated October 25, 2021 advising you had completed your submission.

In order to insure a thorough and fair review of Ms. Lee's claim, her file was referred for review by Dr. Rashmi Joshi, an independent physician Board Certified in Internal Medicine.  Dr. Joshi reviewed the documentation in Ms. Lee's file and advised the diagnoses supported by the medical evidence are low back pain, Hodgkin's lymphoma, anxiety and depression.

Dr. Joshi advised, based on the clinical information, Ms. Lee has full-time sustained work capacity within the following restrictions and limitations to accommodate her chronic conditions of lower back pain and history of lymphoma:

- *Sit - frequently*
- *Stand occasionally*
- *Walk occasionally*
- *Reach at desk level - frequently with BUE*

**Lincoln/Lee 0132**

- *Reach above shoulder, below waist - occasionally with BUE*
- *Fine Manipulation/Simple/Firm Grasp - Frequently with BUE*
- *Lift/Carry/Push/Pull - up to 10 Lbs occasionally*
- *Climb Stairs - occasionally*
- *Climb Ladders - never*
- *Balance - occasionally*
- *Stoop - never*
- *Kneel - never*
- *Crawl - never*
- *See - constantly*
- *Hear - constantly*
- *Use Lower Extremities (foot controls) - occasionally*
- *Rest breaks - no additional rest breaks are needed outside of the standard breaks provided to all employees (two breaks of 15 mins and one 30 mins lunch break)*

Dr. Joshi advised no medication side effects were identified.

Dr. Joshi attempted to discuss Ms. Lee's ongoing treating status with Dr. Harris on November 5, 2021, November 8, 2021 and November 9, leaving messages on November 8th and 9th. Dr. Joshi also attempted to discuss Ms. Lee's treating status with Dr. Kovtun on November 5, 2021, November 8, 2021 and November 9, 2021, leaving messages on November 8, and November 9th.

Dr. Joshi did not receive a return call. On November 11, 2021, Dr. Joshi sent the following correspondence to Drs. Harris and Kovtun:

> *I was asked to review the records on your patient Katonia Lee. The following are my findings:*
> *Based on clinical information, the following restrictions are recommended to accommodate the claimant's chronic conditions of lower back pain, history of lymphoma.*
> *The claimant can work full time (8 hours per day, 40 hours per week) with the following restrictions from 05/09/21 to present. These are bilateral.*
> • *Sit - frequently*
> • *Stand occasionally*
> • *Walk occasionally*
> • *Reach at desk level - frequently with BUE*
> • *Reach above shoulder, below waist - occasionally with BUE*
> • *Fine Manipulation/Simple/Firm Grasp - Frequently with BUE*
> • *Lift/Carry/Push/Pull - up to 10 Lbs occasionally*
> • *Climb Stairs - occasionally*
> • *Climb Ladders - never*
> • *Balance - occasionally*
> • *Stoop - never*
> • *Kneel - never*
> • *Crawl - never*
> • *See - constantly*
> • *Hear - constantly*
> • *Use Lower Extremities (foot controls) - occasionally*
> • *Rest breaks - no additional rest breaks are needed outside of the standard breaks*

**Lincoln/Lee 0133**

*provided to all employees (two breaks of 15 mins and one 30 mins lunch break)*

*No medication related side effects were identified.*

*This condition is expected to improve and the claimant can be reevaluated in 6 months (i.e. May 2022).*
*1. In your opinion, what are the claimant's work restrictions?*
*2. What is the claimant's plan of care and expectation of improvement?*

No response was received from either provider.

Ms. Lee's claim was also reviewed by Dr. Tahir Tellioglu, an independent physician Board Certified in Psychiatry.  Dr. Tellioglu advised review of the documents indicates Ms. Lee has adjustment disorder with mixed anxiety and depression.

Dr. Tellioglu concluded:

> *Despite the presence of multiple psychological stressors/symptoms, the clinical data does not offer convincing documentation of a psychiatric impairment. She reportedly has several medical conditions including diffuse large B-cell lymphoma and human immunodeficiency virus (HIV). She reports social stressors including worries about her illness, pain, activity level, children and finances. Her documented psychiatric symptoms are mainly self-reported and related to her stressors. There is insufficient elaboration of the extent of psychiatric symptoms and their impact on her work functioning. There is no evidence of quantified cognitive impairment. The claimant is receiving very limited mental health treatment which is not indicative of severe/impairing psychiatric condition. The frequency and intensity of psychiatric treatment is not consistent with the reported severity of symptoms sufficient to limit work activities.*

> *Based on the medical facts from the available records, claim documentation, and any additional information obtained from the claimant's treating provider(s), from a psychiatric perspective there is insufficient objective observable data in the records reviewed to support a psychiatric impairment or any need for restrictions or limitations in the work settings as of 05/09/21 to the present.*

Dr. Tellioglu advised the severity and scope of Ms. Lee's reported symptoms was not consistent with the intensity and scope of treatment.  Dr. Tellioglu indicated Ms. Lee is receiving very limited mental health treatment, which is not indicative of a severe, impairing diagnosis.

Dr. Tellioglu attempted to discuss Ms. Lee's ongoing treating status with Dr. Larzelere on November 29, 2021 and November 22, 2021, leaving messages in voicemail requesting a return call. Dr. Tellioglu did not receive a return call.

Ms. Lee's claim was reviewed by a vocational consultant, for a transferrable skills analysis based on her prior work history, educational background, and/or life experience and capacity within the restrictions and limitations outlined by Dr. Joshi.  The analysis showed Ms. Lee's transferable skills as:

**Lincoln/Lee 0134**

> *Applying math skills to read and interpret business reports and records; analyzing and interpreting administrative policy and procedure; planning and organizing work of others; making decisions based on business reports or similar data; speaking and writing clearly; keeping records and inventorying stock; and dealing tactfully and courteously with the public, employees, or government officials.*

Based on these skills and the restrictions and limitations outlined above, Ms. Lee is able to perform the following occupations: Supervisor, Order Takers at $2,248; Surveillance System Monitor $1,357; and Information Clerk $1,197.

Determinations made by Lincoln Financial Group are based on the provisions outlined in the LTD Policy. These provisions are not contingent on decisions made by either the Social Security Administration or other disability-determining entities. Therefore, an award of Social Security Disability Benefits is not determinative of entitlement to benefits under the specific terms and conditions of the Group Disability Income Policy.

In our review of Ms. Lee's claim, we fully considered the totality of all medical documentation received. We also obtained and considered independent medical reviews that were not considered by the Social Security Administration in its determination process.

**Conclusion**

We conducted a thorough and independent review of Ms. Lee's entire claim. In summary, we acknowledge she may have continued to experience some symptoms associated with her condition beyond May 8, 2021. However, the information does not contain physical exam findings, diagnostic test results or other forms of medical documentation supporting her symptoms and impairments remained of such severity, frequency and duration they resulted in restrictions or limitations rendering her unable to perform the duties of the occupations identified as being with in her functional capacity and vocational skills after that date.

Having carefully considered all of the information submitted in support of Ms. Lee's claim, our position remains that proof of her continued disability in accordance with the Policy provisions after May 8, 2021 has not been provided. Therefore, no further benefits are payable.

This claim decision reflects an evaluation of the claim facts and Policy provisions.

**Policy Provisions**

In order to continue receiving benefits, Ms. Lee must satisfy the requirements of all Policy provisions that state, in part:

> ***"Disability"*** *or* ***"Disabled"****, with respect to Long Term Disability, means:*
> *1. For persons other than truck drivers, pilots, co-pilots, and crewmembers of an aircraft:*
> *i. that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*
> *ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*

**Lincoln/Lee 0135**

*2. With respect to Covered Persons employed as pilots, co-pilots and crewmembers of an aircraft:*
*"**Disability**" or "**Disabled**" means as a result of Injury or Sickness the Covered Person is unable to perform the Material and Substantial Duties of his Own Occupation under the applicable Federal Aviation Administration fitness standards.*

*"**Any Occupation**" means any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity.*

*"**Material and Substantial Duties**", with respect to Long Term Disability, means responsibilities that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified.*

*"**Mental Illness**" means a psychiatric or psychological condition classified as such in the most current edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM) regardless of the underlying cause of the Mental Illness. If the DSM is discontinued, Liberty will use the replacement chosen or published by the American Psychiatric Association.*

*"**Proof**" means the evidence in support of a claim for benefits and includes, but is not limited to, the following:*
*1. a claim form completed and signed (or otherwise formally submitted) by the Covered Person claiming benefits;*
*2. an attending Physician's statement completed and signed (or otherwise formally submitted) by the Covered Person's attending Physician; and*
*3. the provision by the attending Physician of standard diagnosis, chart notes, lab findings, test results, x-rays and/or other forms of objective medical evidence in support of a claim for benefits.*
*Proof must be submitted in a form or format satisfactory to Liberty.*

Under the Employee Retirement Income Security Act (ERISA) appeal guidelines, Ms. Lee was entitled to appeal the decision made by Lincoln Financial Group, and to submit any additional information she wished to be considered as part of the appeal. Lincoln Financial Group has conducted a full and fair review of Ms. Lee's appeal and accompanying materials, and has concluded that the denial of benefits will be maintained.

At this time, Ms. Lee's administrative right to review has been exhausted; no further review will be conducted by Lincoln Financial Group and her claim will remain closed. You may request to receive, free of charge, copies of all documents relevant to Ms. Lee's claim. Ms. Lee has the right to bring a civil action under section 502(a) of ERISA following an adverse benefit determination on review.

*Legal Proceedings*
*A claimant or the claimant's authorized representative cannot start any legal action:*
*1. until 60 days after Proof of claim has been given; or*
*2. more than three years after the time Proof of claim is required.*

If Ms. Lee's plan is subject to ERISA, she may have other voluntary alternative dispute resolution

**Lincoln/Lee 0136**

options, such as mediation.  One way to find out what may be available is to contact her local U.S. Department of Labor Office or her state insurance regulatory agency.  In addition, once all required reviews of Ms. Lee's claim have been completed, she has the right to bring a civil action under applicable law.  Her employer's plan has a contractual limitations period of three (3) years, which means that a lawsuit must be brought within three (3) years after the date written proof of claim or proof of continued disability was required. The date on which the contractual limitations period expires for this claim is January 9, 2025

This information is provided for purposes of this claim only, as the time proof of claim is required may differ based on claim specifics and applicable policy language.

Nothing in this letter should be construed as a waiver of any Lincoln Financial Group of Boston rights and defenses under the above captioned Policy, and all of these rights and defenses are reserved to the Company, whether or not they are specifically mentioned herein.

Decisions made by Lincoln Financial Group are based on the provisions outlined in Walmart, Inc.'s Policy.  These provisions are not contingent on decisions made by either the Social Security Administration or other disability-determining entities.  No internal rules, guidelines, protocols, standard or other similar criteria were relied upon in rendering the claim determination.

If you require language translation assistance, please contact Lincoln Financial Group to initiate a service provided free of charge to assist with understanding Ms. Lee's claim and appeal rights.

如果您需要翻译与面问帮助，请联系我们，我会免费为您服务以便了解您的要求和诉求.

Shá ata' hane'go shíká a'doowol ninízingo saad hosiníłjj' dóó ná'ookąąh níní'ąągo naaltsoos níiníłtsoozígíí hazho'ó bik'idi'deeshtįįł ninízingo doo bąąh ílínígóó níká a'doowol éí biniiyé shił hodiílnih áko ákwe'égi níká adeeshwoł.

Si necesita traducción, contácteme para iniciar un servicio gratuito a fin de ayudarle a entender sus derechos de reclamo y apelación.

Kung nangangailangan ka ng tulong sa translation, mangyaring makipag-ugnayan sa akin upang gumamit ng serbisyong ibinigay nang walang bayad upang matulungan kang maunawaan ang iyong mga karapatan sa paghahabol at pag-aapela.

If you have any questions regarding this matter, please contact me.

Sincerely,

Mary Avrett
Appeals Consultant
Phone No.: (888) 437-7611 Ext. 16371
Secure Fax No.: (603) 430-1926

Lincoln/Lee 0137